IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| UNITED NATIONAL INSURANCE COMPANY | PLAINTIFF |
| V. | CAUSE NO. 3:14-CV-466-CWR-FKB |
| JACKSON REDEVELOPMENT AUTHORITY BOARD OF COMMISSIONERS | DEFENDANT |

## ORDER

Before the Court is the defendant's motion to dismiss pursuant to the *Brillhart-Wilton* abstention doctrine. Docket No. 11. After considering the facts, arguments, and applicable law, the motion will be granted.

### I.   Factual and Procedural History

According to the Amended Complaint, the Jackson Redevelopment Authority Board of Commissioners (JRA) made a fire insurance claim to United National Insurance Company (United National) on a property which was not insured at the time of loss. Docket No. 4. In fact, says United National, JRA's insurance agent directed United National to cancel coverage only five hours before the "catastrophic," "multi-million dollar" fire. *Id.* at 5.

The fire occurred on April 22, 2014. United National filed this declaratory action on June 13 seeking a judicial determination that no insurance coverage was in effect at the time of loss, as it had timely processed the cancellation.

On July 11 – the same day its answer was due in this Court – JRA filed a lawsuit in state court against United National, the insurance agent, and an involved insurance broker seeking a declaratory judgment about coverage, as well as damages for breach of contract, bad faith denial of insurance, and gross negligence. This motion followed.

**II.       Legal Standard**

"Where a district court is presented with a claim such as was made here, it should ascertain whether the questions in controversy between the parties to the federal suit . . . can better be settled in the proceeding pending in the state court." *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942).

Where, as here, the case is justiciable and the federal court has authority to grant a declaratory judgment, the question of which court would better resolve the dispute is highly discretionary. *See Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000). The federal court is to consider the following nonexclusive factors:

> 1) whether there is a pending state action in which all of the matters in controversy may be fully litigated,
> 2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant,
> 3) whether the plaintiff engaged in forum shopping in bringing the suit,
> 4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist,
> 5) whether the federal court is a convenient forum for the parties and witnesses, ...
> 6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy," and, ...
> [7)] whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

*St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590-91 (5th Cir. 1994) (citation omitted). These factors are designed to honor principles of federalism, fairness, and efficiency. *Sherwin-Williams Co. v. Holmes Cnty.*, 343 F.3d 383, 390-91 (5th Cir. 2003). Although the parties agree that the second, fourth, and fifth factors are neutral and that the seventh factor is inapplicable, *see* Docket No. 15, the Court will discuss them briefly.

**III.    Discussion**

The first factor favors deferring to the state court. "Each circuit's test emphasizes that if the federal declaratory judgment action raises only issues of state law and a state case involving the same state law issues is pending, generally the state court should decide the case and the federal court should exercise its discretion to dismiss the federal suit." *Sherwin-Williams*, 343 F.3d at 390-91. In this case, the claims arise under Mississippi law only and a state court has now been called to resolve those claims. Despite the commencement of that case one month after this matter was filed, the general rule supports abstention.

The second factor is neutral. Although United National may have filed this suit in anticipation of litigation, there was no impropriety in so doing. "The mere fact that a declaratory judgment action is brought in anticipation of other suits does not require dismissal of the declaratory judgment action by the federal court." *Id.* at 397.

The third factor is neutral; neither party has engaged in forum-shopping as that term is defined in this context. *See id.* at 391, 397-400. United National presses that JRA has engaged in forum-shopping by filing the state court suit after being served in this action. Since the state court suit also includes claims against the insurance agent and broker, though, it appears to constitute JRA's effort to arrive at a comprehensive accounting of duties and liabilities among all involved parties, rather than an attempt to evade federal court jurisdiction.

The fourth and fifth factors also are neutral. The fora are equally convenient and the choice of one over the other will not harm United National or JRA. The cases are in early stages.

The sixth factor favors abstention. In *Sherwin-Williams*, the Fifth Circuit found that "efficiencies may result from litigating issues pertinent to multiple potential claims against a defendant in one federal forum, as opposed to a number of state courts." *Id.* at 400. While that is

3

true, efficiency would be better served here by having one court resolve all claims in one action, rather than by splitting the case up into parallel proceedings. *See id.* at 391 ("A federal district court should avoid duplicative or piecemeal litigation where possible. . . . Duplicative litigation may also raise federalism or comity concerns because of the potential for inconsistent state and federal court judgments, especially in cases involving state law issues.").

The seventh factor is inapplicable here because there is no state judicial decree in dispute.

On balance, the Court finds it appropriate to abstain from deciding this declaratory action. It will defer to the pending state court action. *Accord Burlington Ins. Co. v. Brushy Creek Timber Co.*, No. 3:13-CV-1077-DPJ-FKB, 2014 WL 1882473 (S.D. Miss. May 12, 2014).

### IV.     Conclusion

The motion is granted. This case is dismissed without prejudice to the parties' rights to pursue all their claims and defenses in the state court proceeding.

**SO ORDERED**, this the 12th day of January, 2015.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE
